FRANCES M. THOMPSON, PLAINTIFF, v. THE COMMISSIONERS FOR LOANING CERTAIN MONEYS OF THE UNITED STATES, OF THE COUNTY OF OTSEGO, IMPLEADED WITH OTHERS, DEFENDANTS.

*Mortgage to loan commissioners — default in payment of interest — effect of — right of redemption, purely statutory.*

A mortgagor, in a mortgage given to the commissioners to loan the United States Deposit Fund, having failed for more than twenty-three days after the first Tuesday of October to pay the interest due thereon, the mortgaged premises were advertised for sale and sold. The mortgagor, claiming that the proceedings preliminary to the sale were irregular and the sale void, delivered to the commissioners a notice stating that she offered to pay the amount due for principal and interest on the mortgage, and to redeem the premises, and asking for an accounting of the rents and profits.

*Held,* that this was not such a tender as was required by section 33 of chapter 150 of 1837 to revest the title in the mortgagor. ,

That in such mortgages a default in the payment of the interest worked a foreclosure of the mortgagor's rights in the mortgaged premises, and his right of redemption was strictly limited to the rights given by the thirty-third section of the act.

That under said section the mortgagor had no right to an accounting for the rents and profits.

MOTION by defendants for a new trial on a case and exceptions, pursuant to section 1001 of the Code of Civil Procedure, after a decision of the court without a jury, directing the entry of an interlocutory judgment in favor of the plaintiff.

The action was brought by the plaintiff to redeem certain premises, described in the complaint, from the lien of a mortgage given to the loan commissioners appointed pursuant to chapter 150 of the Laws of 1837 to loan the United States deposit fund. It appeared that the plaintiff, Frances M. Thompson, and her husband, John Thompson, on the 9th day of Novem-

ber, 1872, executed and delivered to the defendants, "The Commissioners for loaning certain moneys of the United States, of the county of Otsego," a mortgage, conveying the premises described in the complaint, to secure the payment of $953 in four years from the date thereof, with interest thereon, to be paid annually. That this plaintiff was then the owner in fee of one-third of a portion of the land; and that on the 27th day of November, 1872, she became the owner in fee of the remaining part thereof. That the interest which became due on the 9th day of November, 1873, was not paid when the same became due. That the defendants, as Commissioners of the United States Deposit Fund for Otsego county, advertised the premises described in the complaint for sale. That under a sale so had the defendant, Philip Darwin, took possession of the premises described in the complaint without the consent of this plaintiff. That said Darwin conveyed said premises to defendant, Frederick Palmer, and said Palmer sold some portion thereof to the defendant Brownel, and said Palmer and said Brownel were in possession of the premises described in said mortgage and said complaint when this action was commenced. It was claimed that the sale was void for defects in the advertisement, and in sending notices of the sale to the mortgagors through the mail. On the 29th day of November, 1875, the plaintiff served upon the commissioners the following paper: "I hereby offer to pay the amount due, principal and interest, on the mortgage given by John Thompson and myself to 'The Commissioners for loaning certain moneys of the United States of the county of Otsego,' on the 9th day of November, 1872, to secure the payment of $953 and the interest thereon, and to redeem the premises in said mortgage described from the lien thereof, or that was created thereby; and I also desire an accounting for the rents and profits of said premises since you, or any person claiming under you, took possession thereof, and the amount, when ascertained, paid to me, or to apply on the amount due on said mortgage.

*H. Sturges*, for the plaintiff.

*Samuel S. Edick*, for the defendants.

LEARNED, P. J.:

Assuming, as was held by the learned justice who tried this case, that the attempted sale by the commissioners was void on account of the defects in the advertisement and in the service, the situation of the mortgagors then is that they have failed, for more than twenty-three days, to pay the interest on the mortgage. According to the express language of the statute, therefore, they are utterly barred of all equity of redemption, "any law, usage, custom or practice in courts of equity to the contrary notwithstanding." (Laws of 1837, chap. 150, § 30.)

This is equivalent to a foreclosure of the mortgagor's right. (*Pell* v. *Ulmar*, 18 N. Y., 139; *White* v. *Lester*, 1 Keyes, 316.) Nothing remains to the mortgagors but the statutory privilege of redemption given by section 33 of the act above cited. By that section it is provided that if the mortgagor, at or before the sale of the premises (and we assume, for the present, that there was here no sale—that is, no valid sale), shall pay to the commissioners all such sums of money as shall be due and payable on such mortgage on the first Tuesday of October then next, for principal and interest, and costs and charges of foreclosure, together with the charges for advertising, then the title in fee to the premises shall revert to and reinvest in the mortgagor.

This the mortgagors have not done. All that the mortgagors have done is this. The plaintiff delivered to the commissioners a notice, stating that she offered to pay the amount due for principal and interest on the mortgage and to redeem the premises, and that she desired an accounting for the rents and profits, and the amount, when ascertained, paid to her or applied on the mortgage. She made no tender or offer of tender; nor did she, at the time of serving the notice, have the money specified therein to pay to them, and she has not since had it.

Now, clearly she has not complied with the terms of the privilege given by the statute. It would be absurd to say that this delivery of a written notice had the effect of making the title revert to and revest in the mortgagors. It was her duty to pay to the commissioners the amount due and payable on said mortgage for principal and interest on the first Tuesday of October then next; a day nearly a year after the time when she served

the notice. If they should not accept the moneys (as the statute requires them to do), certainly she was bound at the least to make a tender.

Furthermore, there is nothing in the statute right of redemption which authorizes the mortgagor to ask for an accounting of the rents and profits, as the plaintiff did in this case. It is true that, in the case of ordinary mortgages, a mortgagor may bring an action to redeem, and the matter of a previous tender of the money is generally important only on the question of costs. But the present is not the case of an ordinary mortgage. The ordinary right of redemption, that creation of the courts of equity, is expressly taken away by the statute, and the mortgagor is left to the rights given by the statute and to those alone. The case of *Sherwood* v. *Read* (7 Hill, 431) is not in conflict with this view. That action was brought to restrain the giving of a conveyance by the commissioners under a sale alleged to be illegal. The Court of Errors held that the sale was illegal, and reversed the decree of the chancellor who had dismissed the bill. The sale being illegal, the giving of a conveyance under it should be restrained, and the case decides that the commissioners could not lawfully sell on credit.

Again, if this sale is void, as the plaintiff claims, then it is just as if no sale had taken place. The plaintiff has no greater rights against the commissioners than she would have had if they had as yet made no sale. In that case her rights would have been to pay the money, and thus redeem; not to bring an action for redemption on a mere offer to pay, unaccompanied even by a tender. Other questions are presented by the defendants, which, in the view above taken, it is unnecessary to consider. We do not, therefore, decide whether or not the sale was valid, or whether the plaintiff has such an interest in the property that she could alone maintain the action.

For the reasons above given, we think the judgment should be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed and new trial granted, costs to abide event.